IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CALVIN CAMPS,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 14-1498** |
| | : | |
| **MAYOR MICHAEL NUTTER, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of the Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN CAMPS, | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : No. 14-1498 |
| | : |
| MAYOR MICHAEL NUTTER, et al., | : |
| Defendants. | : |

**DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Defendants Michael Nutter, Louis Giorla, and John Delaney, (hereinafter, the "Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully request that this Court dismiss the claims asserted against them.

Date: June 11, 2014                                             Respectfully submitted,

/s/ Dimitrios Mavroudis
Dimitrios Mavroudis
Assistant City Solicitor
Pa. Attorney ID No. 93773
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5444 (phone)
215-683-5397 (fax)
dimitrios.mavroudis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CALVIN CAMPS, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 14-1498 |
| | : | |
| MAYOR MICHAEL NUTTER, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Calvin Camps has disregarded established Third Circuit case law by suing the Defendants under 42 U.S.C. § 1983 while failing to allege that these individuals had personal involvement in any alleged wrongs. Moreover, Plaintiff's factual allegations, taken as true, do not plausibly suggest that he suffered a constitutional violation. Therefore, the Court should dismiss Plaintiff's complaint.

**I.     BACKGROUND**

On March 12, 2014, Plaintiff filed his complaint in this matter.[1] Plaintiff appears to allege that he has slept in three-man cells while incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), and that one person in his three-man cell sleeps close to a toilet. *See* Complaint at ¶ 8. Plaintiff also generally avers that the conditions in the three-man cells deprive him of life's basic necessities and avers that that insect and rodents sometimes enter his prison cells. *See id.* at ¶¶ 9, 11. Plaintiff fails to make any factual allegations regarding the individuals named as defendants in his complaint.

---

[1] The Defendants were served with the complaint on May 29, 2014.

## II. ARGUMENT

### A. The Court Should Dismiss the Complaint Because Plaintiff Fails to Allege that the Defendants Were Personally Involved in Any Alleged Wrongs.

Plaintiff fails to state a claim against the Defendants because his complaint does not allege that these persons had personal involvement in any alleged wrongs.[2] A plaintiff cannot sustain a § 1983 claim without averring the existence of such personal involvement. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id.*

Here, Plaintiff fails to allege that the individual Defendants had personal involvement in the actions giving rise to this case. Instead, Plaintiff merely notes Defendant Michael Nutter is the Mayor of Philadelphia, Defendant Louis Giorla is the Commissioner of the Philadelphia Prison System, and Defendant John Delaney is the Warden at CFCF. *See* Complaint at ¶¶ 3-5. Plaintiff has thus rooted his claims against these individuals in a *respondeat superior* theory of liability, a theory that the Third Circuit Court of Appeals has expressly rejected in § 1983 cases. *See Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 2013) (dismissing pro se claim against a warden because "liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual must have personal involvement in the alleged wrongdoing") (citations and quotations omitted). Therefore, the Court should dismiss Plaintiff's complaint. *See id.*; *Gardner v. Lanigan*, No. 13-7064, 2013 WL 6669230, at *3 (D.N.J. Dec. 18, 2013) (dismissing

---

[2] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

pro se complaint because complaint lacked allegations suggesting that warden or correctional officer were personally involved in alleged actions); *Stewart v. Henderson*, No. 13-1465, 2013 WL 6092204, at *2 (D. Del. Nov. 18, 2013) (dismissing pro se claim against a warden because "the [c]omplaint contains no allegations that give rise to [the warden's] personal involvement with regard to [p]laintiff's claims"); *Holmes v. Keen*, No. 13-1635, 2013 WL 5888137, at *2 (M.D. Pa. Nov. 1, 2013) (dismissing claim against a warden because "the plaintiff makes no allegation that [the warden] was personally involved in any of the actions"); *Miles v. City of Phila.*, No. 11-4040, 2011 WL 4389601, at *7 (E.D. Pa. Sept. 21, 2011) (citing *Rode* and holding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him"); *see also Bush v. Dep't of Human Servs.*, No. 11-2612, 2014 WL 47764, at *4 (E.D. Pa. Jan. 6, 2014) (dismissing pro se complaint against Mayor Nutter for failure to include sufficient factual allegations).

      **B.**    **The Court Should Dismiss the Complaint Because Plaintiff Fails to Allege an Underlying Constitutional Violation.**

The Court also should dismiss Plaintiff's claims against the Defendants because the complaint fails to plausibly suggest that Plaintiff suffered an Eighth Amendment violation based on his conditions of confinement. A plaintiff cannot bring a § 1983 claim without demonstrating that she suffered the deprivation of a federal right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Here, Plaintiff alleges he has stayed in three-man cells at CFCF. *See* Complaint at ¶ 8. Plaintiff's allegations about his sleeping situation, taken as true, do not amount to a constitutional violation. *See Gardner*, 2013 WL 6669230, at *3 (holding that an allegation that an inmate "slept on a cold floor and . . . was confined to a cell lacking light and drinking water" failed to state a claim under *Iqbal*); *Wagner v. Algarin*, No. 10-2513, 2010 WL 5136110, at *1, *3 (E.D. Pa. Dec. 16, 2010) (holding that allegations that a plaintiff slept in gyms,

classrooms, and three and four-man cells while in prison, and that such sleeping arrangements were "hazardous," failed to state a claim under § 1983); *see also Allah v. Ricci*, 532 F. App'x 48, 50-51 (3d Cir. 2013) (holding that "not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights" because "only 'extreme deprivations' are sufficient to present a claim for unconstitutional conditions of confinement") (citations omitted).

Plaintiff's additional allegation that insects and rodents are inside CFCF cannot save his complaint. The mere presence of rodents in three-man cells cannot give rise to § 1983 liability for at least two reasons. First, Plaintiff has not alleged that the combination of conditions at CFCF had a "mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need[.]" *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Second, Plaintiff fails to aver whether and how his conditions of confinement posed "a substantial risk of serious harm to his health or safety." *See Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010) (citations and quotations omitted). Given these pleading failures, Plaintiff has failed to state a § 1983 claim.[3]

## III.    CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's complaint.

---

[3] The Defendants recognize that complaints filed by pro se litigants like Plaintiff are held to less stringent standards than those drafted by lawyers. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Chambers v. Phila. Media Network*, No. 11-6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013) (holding that courts "have a gatekeeper function to fulfill as to complaints filed by pro se litigants"). In fact, the *Phelps*, *Bush*, *Gardner*, *Stewart*, and *Wagner* courts all dismissed complaints filed by pro se plaintiffs. *See Phelps*, 514 F. App'x at 100; *Bush*, 2014 WL 47764, at *1; *Gardner*, 2013 WL 6669230, at *1; *Stewart*, 2013 WL 6092204, at *1-3; *Wagner*, 2010 WL 5136110, at *1.

Date:  June 11, 2014                                    Respectfully submitted,


                                                        /s/ Dimitrios Mavroudis
                                                        Dimitrios Mavroudis
                                                        Assistant City Solicitor
                                                        Pa. Attorney ID No. 93773
                                                        City of Philadelphia Law Department
                                                        1515 Arch Street, 14th Floor
                                                        Philadelphia, PA 19102
                                                        215-683-5444 (phone)
                                                        215-683-5397 (fax)
                                                        dimitrios.mavroudis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN CAMPS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 14-1498** |
| : | |
| **MAYOR MICHAEL NUTTER, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

      I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Motion has been served upon the Plaintiff by certified mail, postage prepaid, as follows:

Calvin Camps
483950
CFCF
7901 State Road
Philadelphia, PA 19136

Date: <u>June 11, 2014</u>                                      Respectfully submitted,

                                                                   <u>/s/ Dimitrios Mavroudis</u>
                                                                   Dimitrios Mavroudis
                                                                   Assistant City Solicitor
                                                                   Pa. Attorney ID No. 93773
                                                                   City of Philadelphia Law Department
                                                                   1515 Arch Street, 14th Floor
                                                                   Philadelphia, PA 19102
                                                                   215-683-5444 (phone)
                                                                   215-683-5397 (fax)
                                                                   dimitrios.mavroudis@phila.gov