IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN CAMPS : | |
| : | |
| v. : | |
| : | NO. 14-1498 |
| MICHAEL NUTTER, LOUIS GIORLA, and : | |
| JOHN DELANEY : | |
| : | |
| : | |
| **NORMA L. SHAPIRO, J.** | **AUGUST 12, 2014** |

### MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's complaint.  Plaintiff Calvin Camps, in custody at the Curran-Fromhold Correctional Facility when he filed this action, alleges that he has been housed in an overcrowded cell at the Curran-Fromhold Correctional Facility.  He claims that this condition violates his constitutional rights.  Plaintiff brings this action under 42 U.S.C. § 1983.  The court granted plaintiff's application to proceed *in forma pauperis* on April 24, 2014.  On June 11, 2014, the City, on behalf of the named defendants, filed a motion to dismiss.  The motion is unopposed.

### I.  BACKGROUND

Plaintiff filed a typed, form complaint alleging counts against three defendants: Mayor Michael Nutter, Commissioner Louis Giorla, and Warden John Delaney.  Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate).[1]  Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was subjected to overcrowded conditions including: inadequate recreational space; poor ventilation and air quality; damaged mattresses and

---

[1] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87.  Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System.  Section X.A. states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law."  All such actions have been assigned to this court.

sheets; inadequate laundry access; and failure to train correctional officers to supervise the overcrowding. He also alleges that showers "are covered in black mold and in disrepair, and the cells are infested with insects and rodents." The complaint further states that due to overcrowding inmates were "subjected to extended periods of restricted movement and 'lockdowns.'" Plaintiff does not allege any personal injury.[2]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III. DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v.*

---

[2] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proven a substantial physical injury. 28 U.S.C. §1997e(e).

*Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).   The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve.  *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System.  The complaint lists several allegations of inadequate or unsafe conditions based on the overcrowding in the prison.  The plaintiff does not allege any injury.  Plaintiff appears to be articulating a Section 1983 claim for violation of his Fourteenth Amendment right of due process.  The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff names the Mayor of Philadelphia, the Commissioner of Prisons and the Warden of the Detention Center as defendants.  Plaintiff has failed to include any allegations that these defendants were personally involved in the alleged deprivation of his constitutional rights.  His complaint includes no allegations that even name the defendants.  Plaintiff does, however, name the defendants and their responsibilities in the "Parties" section of his complaint.   But listing their job responsibilities is not sufficient to create an allegation of personal direction or of actual knowledge and acquiescence.[4]   The allegations are not sufficient to state a claim against individual defendants under Section 1983.

---

[3] Plaintiff does not allege that he is a pretrial detainee.  However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he has not been convicted while in PPS custody.

[4] Plaintiff also seems to mistakenly believe that bringing a claim against the Mayor of Philadelphia is the same as bringing a claim against the City of Philadelphia.  The complaint incorrectly states "Defendant Michael Nutter, Mayor of Philadelphia is a municipality, which owns, operates, controls and promulgates policies governing the PPS . . . ."

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted.  Plaintiff will be granted leave to amend his complaint.  An appropriate order follows.