RE: CALVIN CAMPS, PRO.SE.#67621
CHESTER COUNTY PRISON
501 S. WAWASET ROAD
WEST CHESTER, PA 19382

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

CALVIN CAMPS,
        Plaintiff

v.

CITY OF PHILADELPHIA, et.al.
LOUS GIORLA, COMMISSIONER
JOHN DELANEY, WARDEN,

NO: 14-1498

JURY TRIAL DEMAND


FILED FEB 24 2016 MICHAEL E. KUNZ, Clerk By ____ Dep. Clerk

## PLAINTIFF"S AMENDED COMPLAINT

Now comes, CALVIN CAMPS, Plaintiff in the above said CAUSE OF ACTION, Before this Honorable Court and Judge Norma Shapiro.

This said AMENDED COMPLAINT is filed as to an ORDER, dated January 15, 2016.

1. Plaintiff is given leave to filed and serve an AMENDED, COMPLAINT, Stating Allegations under 42 U.S.C.A § 1983 of Defendants Presonal Involvement, In the Alleged deprivation of Plaintiff's CONTITUTIONAL RIGHTS on or before February 22, 2016.

2. The COMMISSIONER, Louis Giorla, Warden John Delaney, City of PHILADELPHIA, and all Wardens, Deputy Wardens, Captains, Lietenats, Herein are involed and participated and have Approved those POLICIES and Customs, Which has Caused the Plaintiff' to be Subjected to UNCONSTITUTIONAL Conditions and Acts, Injuries and PUNISHMENTS to all PRETRIAL DETAINEES, Being housed in all said PHILADELPHIA FACILITIES along with those, Who have been CONVICTED By COURTS in PHILADELPHIA COURT SYSTEM.

Those said Party Defendants, herein this said AMENDED COMPLAINT, COMMISSIONER, LOUIS GIORLA, WARDEN JOHN DELANEY, CITY OF PHILADELPHIA, has Caused said UNCONSTITUTIONAL ACTS, and VIOLATIONS of STATE and FEDERAL laws, herein this said Complaint, concerning All said Plaintiff's in the County Prison System, In the PHILADELPHIA County. Which was and is Still is going on till todaY, Those Acts and Decisions cause UNCONSTITUTIONAL Conditions and Violate STATE and FEDERAL laws, Which Subject all PRETRIAL DETAINEES to ILLGAL PUNSHMEMTS, Said ACTS that is made out in this said COMPLAINT, and AMENDED COMPLAINT, Set's out an CAUSE of ACTION, As to the Policies of OFFICIALS, COMMISSIONER, WARDENS, CITY OF PHILADELPHIA.

3. The Plaintiff CALVIN CAMPS, Allege their Personal Involvement As to Actual Knowledge of the FACTS, of Policies for each day of Running those Facilities alone with 'Space' Which they have to Know, How many Prisoners are held in the City' Police Stations, How many Beds that are needed for Females Others going to State Prisons, Programs, Release, Bails, within the City of Philadelphia Prison System. The Officials have Personal direction of Policies, Of the County Prison System in Philadelphia, The City of PHILADELPHIA Owns, Operates, Controls and its COMMISSIONER, WARDENS, CAPTAINS, LT"S SARGEANTS and Promulgates and Governing the PHILADELPHIA Prison System. They have Meeting with each other to CARRY out those ACTS each day of the Week.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff, CALVIN CAMPS, State as a Proximate Consequence Of Defendants Intentional Infliction of Emotional Distress, Defendants have caused the Plaintiff, CALVIN CAMPS, Great, Worry, Loss of Sleep, Anxiety, Nervousess, Sickness, Physical And Mental Suffering, Pain, Anguish and Fright.

2. Plaintiff, CALVIN CAMPS, have been Damaged, Including, Inter Alia, Extreme Emotional Distress and Anxiety and Damage to him As a result of Defendants Wrongful Acts.

3. Since those Acts, The Plaintiff has been Nervous with Irritable and Unable to fully enjoy his Life with his Family and Friends As a result of the Emotional Distress caused by Defendants.

4. Each of the Mentioned Acts done with the Intent to Inflict Severe Mental and Emotional Distress.

5. Plaintiff, CALVIN CAMPS, has a number of MEDICAL CONDITIONS, HEART, LUNG, C.O.P.D., LIVER " C ", HIGH BLOOD PRESSURE, DIABETE, BACK, SHOULER, LEFTSIDE, ARM, HAND, FATIGUE, HEADACHES, CHILLS, MUSCLE PAIN, MILD FEVER, LOWER 4-V-BRA,

PREEXISTING CONDITION, AGGRAVATION TO

TREATMENT:
VETERANS HOSPITAL 3900 WOODLAND AVE., PHILADELPHIA PA

MEMORANDUM OF LAW

All said Defendants was Acting under Color of law, Did Deprived, CALVIN CAMPS, of his RIGHTS Secured by the CONSTITUTION and Said LAWS of the UNITED STATES. See
KAUCHER Vs. CNTY of BUCKS, 455 F.3d. 418 (3d. Cir.2006).

Plaintiff's AMENDED COMPLAINT States that those PRISON OFFICIALS, Acted under a "POLICIES" and Should have Known, That those said POLICIES are UNCONSTITUTIONAL as to those DECISIONS, made by COMMISSIONER LOUIS GIOLA, WARDEN JOHN DELANEY, CITY OF PHILADELPHIA, On said ISSUIES filed under COMPLAINT and AMENDED COMPLAINT. See
BECK Vs. CITY PITTSBURGH, 89 F.3d. 966, 971 (3d. Cir.1996).
KNEIPP Vs. TEDDER, 95 F.3d. 1199, 1212 (3d. Cir.1996) (quoting PEMBAUR Vs. CITY OF CINCINNATI, 475 U.S. 469, 481, 106 S.CT. 1292, 89 L.ED.2d 452 (1986)

Plaintiff, CALVIN CAMPS, Allege that he is a PRETRIAL DETAINESS Was at the time of filing this COMPLAINT, Per this Courts ORDERS Dated JANUARY 15, 2016, Which is an INJURY, as a MATTER of LAW 42 U.S.C.A.§ 1983, MUNICIPALITIES have no IMMUNTY from SUITS Asserting direct CONSTITUTIONAL CLAIMS and from SUITS brought, Under FEDERAL CIVIL RIGHTS ACT[ 42 U.S.C.A.§ 2000e et seq.] LIOYED Vs. BOROUGH of STONE HARBOR, 179 N.J. Super. 496, 432 A.2d 572 (ch. 1981). Which OWNS, OPERATES, CONTROLS and PROMULGATES POLICIES GOVERNING.

HARRIS Vs. PERNSLEY, 755 F.2d 338, Reh. den. en banc L.Ed. 2d 314 (1985) Wherein this Circuit Reversed the District Court's dismissial of the HARRIS, Plaintiff's 1983 CLASS ACTION, Defendants raise, Several Arguments in their Motion.

First Defendants aver that this Court does not have Jurdiction

Over this litigation in light of JACKSON Vs. HENDRICKS, 10 Pa. COMMW. 392, 309 A.2d 187 (1973), Aff'd 457 Pa. 405, 321 Pa. 603 (1974), Mod. 509 Pa. 456, 503 A.2d 400 (1986) Wherein, The PRISONERS Asserted, inter alia Violations of 1983 due to various Infirmities at HOC.

WILLIAMS Vs. CITY OF PHILADELPHIA, Civ. No. 08-1979 Docket No. 87 ACTIONS for DAMAGES are excluded from the Waiver in the SETTLEMENT AGREEMENT between Plaintiff's in the CLASS ACTION SETTLEMENT, On Behalf of all current and Future Persons confined, In the PHILADELPHIA Prison System. Section X.A. States "Plaintiffs do Not waive their Rights to Pursue case law as to Policy or Custom Of the MUNICIPALITY (3d. Cir.1996).

[3132] "POLICY is made , When a "Decision Maker Possessing Final AUTHORITY to the Action" Issues an Official Proclamation Policy Or edit. See KNEIPP Vs. TEDDER, 95 F.ed. 1199, 1212 (3d. Cir.1996 ) (quoting PEMBAUR Vs. CITY of CINCINNATI, 475 U.S. 469, 481, 106 S CT. 1292, 89 L. ED. 2d 452 (1986) Id. (quoting MONELL, 436 U.S. at 691, 98 S CT. 2018) (other internal quotation marks omitted).

KAUCHER Vs. CNTY of BUCKS, 455 F.3d 418 (3d. Cir.2006).

RODE Vs. DELLARCIPRETE, 845 F.2d 1195, 1207 (3d. Cir.2007).

BARAKA Vs. McGREEVEY, 481 F3d. 187, 210 (3d. Cir.2007).

BELL Vs. WOLFISH, 441 U.S. 520. 537 (1979).

ROCKS Vs. CITY OF PHILADELPHIA, 868 F.2d 644 (3d. Cir.1989).

All Named, Party Defendants, Did have Personal Knowledge and In-
Volvement, Because they did not take Steps to Prevent those
ILLEGAL CONDITIONS, and Risk thereby causing PUNISHMENTS to all
Said PRETRIAL DETAINESS, Such as the Plaintiff, CALVIN CAMPS,
Along with all other PRETRIAL DETAINESS and CONVICTED Inmates
Being housed in the CITY of PHILADELPHIA Facilities.

                                                  */s/ Cal Camps ProSe. #67621*
                                                  CALVIN CAMPS, PRO.SE.#67621

DATED: FEBUARY 11,2016

CERTIFICATE OF SERVICE

I, Calvin Camps, PRO.SE.Plaintiff, in the above said Legal matters Hereby certifies that:

1. A COPY OF PLAINTIFF"S AMENDED COMPLAINT WAS SERVED ON ALL PARTIES OF RECORD, ON THE DATE OF FEBUARY, 11, 2016, by FIRST CLASS U.S. POSTAL MAIL FROM CHESTER COUNTY PRISON, 501 S. WAWASET ROAD, WEST CHESTER, PA 19382.

2. THE COUNSEL FOR THE DEFENDANTS, DIMITRIOS MAVROUDIS, Esq. CITY OF PHILADELPHIA LEGAL DEPARTMENT, 17th Floor, 1515 ARCH, STREET, PHILADELPHIA PA 19102, for ALL INTERESTED PARTIES.

DATED: FEBRUARY, 11, 2016

_Calvin Camps, Pro.Se #67621_
CALVIN CAMPS, PRO.SE. #67621
CHESTER COUNTY PRISON
501 S. WAWASET ROAD
WEST CHESTER, PA 19382