# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN CAMPS,** : | |
|     **Plaintiff,** : | |
| : | **Civil Action** |
|   v. : | **No. 14-1498** |
| : | |
| **MAYOR MICHAEL NUTTER, et al.,** : | |
|     **Defendants.** : | |

## ORDER

  AND NOW, this    day of      , 2016, upon consideration of the Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

                     BY THE COURT:

                     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN CAMPS, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-1498 |
| : | |
| MAYOR MICHAEL NUTTER, et al., : | |
| Defendants. : | |

**DEFENDANTS' SECOND MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND LACK OF PROSECUTION**

Defendants City of Philadelphia, Michael Nutter, Louis Giorla, and John Delaney, ("Defendants"), by and through the undersigned counsel, hereby file this Second Motion to Dismiss for Failure to State a Claim and Lack of Prosecution pursuant to Federal Rule of Civil Procedure 12(b)(6) and 41(b), respectively. In support of this Motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully request that this Court dismiss the claims asserted against them with prejudice.

Date: July 27, 2016

Respectfully submitted,

*/s/ Rebecca Prosper*
Rebecca Prosper
Assistant City Solicitor
Pa. Attorney ID No. 320300
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
rebecca.prosper@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN CAMPS,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-1498 |
| : | |
| **MAYOR MICHAEL NUTTER, et al.,** : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND
LACK OF PROSECUTION[1]**

Plaintiff Calvin Camps has disregarded established Third Circuit case law by suing the Defendants under 42 U.S.C. § 1983 while failing to allege that these individuals had personal involvement in any alleged wrongs. Moreover, Plaintiff has failed to prosecute his case as required by the Court. Therefore, the Court should dismiss Plaintiff's amended complaint with prejudice.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

On March 12, 2014, Plaintiff Calvin Camps filed a Complaint against Defendants Mayor Michael Nutter, Commissioner Louis Giorla, and Deputy Commissioner John Delaney claiming that the conditions of Curran-Fromhold Correctional Facility ("CFCF") violated his civil rights. See Docket Doc. 1. Defendants were served with the Complaint on May 29, 2014 and filed a Motion to Dismiss for Failure to State a Claim on June 11, 2014. See Docket Docs. 7 and 8. On

---

[1] Defendants' Motion to Dismiss is filed past the timeframe permitted for response to Plaintiff's Amended Complaint and such lateness is inexcusable; however, the Court may still consider Defendants' motion. "When a party fails to answer or otherwise plead within 20 days of service of the complaint, the court has discretion to allow an untimely response in the absence of a motion for default judgment." Lagana v. Kmart Corp., 1998 WL 372347, at 3 (E.D. Pa. June 19, 1998) (citations omitted).

August 13, 2014, the Court granted Defendants' motion and dismissed the action without prejudice, permitted Plaintiff leave to file an amended complaint within forty-five (45) days.

On August 13, 2015, one year later and while incarcerated in the State of New Jersey, Plaintiff sent correspondence to the Court wherein he requested a copy of his originally filed Complaint because he no longer had access to that document. See Docket Doc. 14.  On January 12, 2016, Plaintiff also updated his address to indicate that he is currently incarcerated in the Chester County Prison in West Chester, PA. See Docket Doc. 15.

On January 19, 2016, this Honorable Court entered an Order granting Plaintiff leave to file an amended complaint by February 22, 2016. See Docket Doc. 17.  Plaintiff filed an untimely amended complaint on February 24, 2016.[2]  See Docket Doc. 21.  By Order dated April 12, 2016, this matter was placed in Administrative Suspense pending a decision by an attorney on the Prisoners' Civil Rights Panel to accept Plaintiff's case on or before June 14, 2016.  See Docket Doc. 22.  Said Order also required that Plaintiff "inform the court in writing that he wishes to proceed *pro se* or withdraw his amended complaint **on or before June 30, 2016**." *Id.* (emphasis in original).  Plaintiff did not notify the Court of his intentions to proceed with litigating the case *pro se* as required.  Plaintiff's Notice of Change of Address filed with the Court on July 25, 2016, makes no reference to his intentions regarding the continued litigation of this matter.

## II. ARGUMENT

### A. The Court Should Dismiss the Amended Complaint Because Plaintiff Fails to Allege that the Defendants Were Personally Involved in Any Alleged Wrongs.

Plaintiff fails to state a claim against the Defendants because his amended complaint does

---

[2] Plaintiff added the City of Philadelphia as a defendant in his amended complaint.

not allege that these persons had personal involvement in any alleged wrongs.[3]  A plaintiff cannot sustain a § 1983 claim without averring the existence of such personal involvement.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity."  *See id.*

      Here, Plaintiff fails to allege that the individual Defendants had personal involvement in the actions giving rise to this case.  Instead, Plaintiff merely makes bald assertions as to the involvement and participation of the Defendants without more.  *See* Am. Compl.  Plaintiff has thus rooted his claims against these individuals in a *respondeat superior* theory of liability, a theory that the Third Circuit Court of Appeals has expressly rejected in § 1983 cases.  *See Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 2013) (dismissing pro se claim against a warden because "liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual must have personal involvement in the alleged wrongdoing") (citations and quotations omitted).  Therefore, the Court should dismiss Plaintiff's complaint.  *See id.*; *Gardner v. Lanigan*, No. 13-7064, 2013 WL 6669230, at *3 (D.N.J. Dec. 18, 2013) (dismissing pro se complaint because complaint lacked allegations suggesting that warden or correctional officer were personally involved in alleged actions); *Stewart v. Henderson*, No. 13-1465, 2013 WL 6092204, at *2 (D. Del. Nov. 18, 2013) (dismissing pro se claim against a warden because "the [c]omplaint contains no allegations that give rise to [the warden's] personal involvement with regard to [p]laintiff's claims"); *Holmes v. Keen*, No. 13-1635, 2013 WL 5888137, at *2 (M.D.

---

[3] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

Pa. Nov. 1, 2013) (dismissing claim against a warden because "the plaintiff makes no allegation that [the warden] was personally involved in any of the actions"); *Miles v. City of Phila.*, No. 11-4040, 2011 WL 4389601, at *7 (E.D. Pa. Sept. 21, 2011) (citing *Rode* and holding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him"); *see also Bush v. Dep't of Human Servs.*, No. 11-2612, 2014 WL 47764, at *4 (E.D. Pa. Jan. 6, 2014) (dismissing pro se complaint against Mayor Nutter for failure to include sufficient factual allegations).

### B. The Court Should Dismiss the Amended Complaint Because Plaintiff Fails to Allege an Underlying Constitutional Violation.

The Court also should dismiss Plaintiff's claims against the Defendants because the amended complaint fails to plausibly suggest that Plaintiff suffered an Eighth Amendment violation based on his conditions of confinement.[4] A plaintiff cannot bring a § 1983 claim without demonstrating that she suffered the deprivation of a federal right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Here, Plaintiff alleges he has stayed in three-man cells at CFCF. *See* Compl. at ¶ 8. Plaintiff's allegations about his sleeping situation, taken as true, do not amount to a constitutional violation. *See Gardner*, 2013 WL 6669230, at *3 (holding that an allegation that an inmate "slept on a cold floor and . . . was confined to a cell lacking light and drinking water" failed to state a claim under *Iqbal*); *Wagner v. Algarin*, No. 10-2513, 2010 WL 5136110, at *1, *3 (E.D. Pa. Dec. 16, 2010) (holding that allegations that a plaintiff slept in gyms, classrooms, and three and four-man cells while in prison, and that such sleeping arrangements were "hazardous," failed to state a claim under § 1983); *see also Allah v. Ricci*, 532 F. App'x 48, 50-51 (3d Cir. 2013) (holding that "not all deficiencies and inadequacies

---

[4] Reading Plaintiff's amended complaint liberally, Defendants understand Plaintiff's amended complaint to attempt to articulate the personal involvement of Defendants pertaining to the conditions of his confinement at CFCF as stated in his original complaint. Accordingly, Defendants respond in substance to that allegation.

in prison conditions amount to a violation of a prisoner's constitutional rights" because "only 'extreme deprivations' are sufficient to present a claim for unconstitutional conditions of confinement") (citations omitted).

Plaintiff's additional allegation that insects and rodents are inside CFCF cannot save his complaint. The mere presence of rodents in three-man cells cannot give rise to § 1983 liability for at least two reasons. First, Plaintiff has not alleged that the combination of conditions at CFCF had a "mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need[.]" *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Second, Plaintiff fails to aver whether and how his conditions of confinement posed "a substantial risk of serious harm to his health or safety." *See Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010) (citations and quotations omitted). Given these pleading failures, Plaintiff has failed to state a § 1983 claim.[5]

### C. The Court Should Dismiss the Action Because Plaintiff has failed to Prosecute his case in Accordance with Court Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Defendant may move for dismissal of an action or of any claim against the Defendant for the failure of the Plaintiff to prosecute or comply with the rules or any order of the Court. The decision to dismiss is made at the discretion of the Court. (See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. Pa. 2002), noting that, on appeal, dismissal for failure to prosecute is reviewed for "an abuse of discretion.")

---

[5] Defendants recognize that complaints filed by pro se litigants like Plaintiff are held to less stringent standards than those drafted by lawyers. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Chambers v. Phila. Media Network*, No. 11-6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013) (holding that courts "have a gatekeeper function to fulfill as to complaints filed by pro se litigants"). In fact, the *Phelps*, *Bush*, *Gardner*, *Stewart*, and *Wagner* courts all dismissed complaints filed by pro se plaintiffs. *See Phelps*, 514 F. App'x at 100; *Bush*, 2014 WL 47764, at *1; *Gardner*, 2013 WL 6669230, at *1; *Stewart*, 2013 WL 6092204, at *1-3; *Wagner*, 2010 WL 5136110, at *1.

Unless the Court in its order for dismissal otherwise specifies, a dismissal under Rule 41(b) operates as an adjudication upon the merits.

Plaintiff has failed to comply with this Court's April 12, 2016 Order to notify the court that he wishes to proceed with his case *pro se* (it appearing that no attorney from the Prisoners' Civil Rights Panel has selected the case) on or before June 30, 2016 or any time since. Therefore, pursuant to Rule 41(b), this civil action should be dismissed with prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's amended complaint with prejudice.

Date:  July 27, 2016                                              Respectfully submitted,


                                                                  */s/ Rebecca Prosper*
                                                                  Rebecca Prosper
                                                                  Assistant City Solicitor
                                                                  Pa. Attorney ID No. 320300
                                                                  City of Philadelphia Law Department
                                                                  1515 Arch Street, 14th Floor
                                                                  Philadelphia, PA 19102
                                                                  215-683-5443 (phone)
                                                                  215-683-5397 (fax)
                                                                  rebecca.prosper@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN CAMPS,** : | |
|       **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 14-1498 |
| : | |
| **MAYOR MICHAEL NUTTER, et al.,** : | |
|       **Defendants.** : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Motion has been served upon the Plaintiff by certified mail, postage prepaid, as follows:

Calvin Camps
483950
CFCF
7901 State Road
Philadelphia, PA 19136

Date:  July 28, 2016                                   Respectfully submitted,

                                                                       */s/ Rebecca Prosper*
                                                                       Rebecca Prosper
Assistant City Solicitor
Pa. Attorney ID No. 320300
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
rebecca.prosper@phila.gov