RE: CALVIN CAMPS,PRO.SE.MQ1920
    S.C.I. CHESTER
    500 EAST 4th STREET
    CHESTER PA 19013

IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA PHILADELPHIA

CALVIN CAMPS,
           Plaintiff(s)

                                         CIVIL ACTION NUMBER:

                                         14-CV-01498

Vs.

MICHAEL NUTTER,et.al.                    TRIAL BY JURY DEMAND
           Defendants,



NOV 16 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Now comes, the Plaintiff Calvin Camps, Who is the Plaintiff in this said Cause of Action, filed on the Issues of said UNCONSTITUTIONAL Conditions three-Man Cell, Denials to Medication For his Liver Condition and other medical condition by Prison Officials and its Employees and Medical Providers' Employees And Policy Makers, Who acted under Color of State laws, Causing Said Overcrowed Conditions, Safety Issues, Welfair to Inmates, Injuries, Punishments, Denials, Delays, Refusals, Set up Unconstitutional Conditions that caused Punishments to Pre-Trial Detanees And Convicted Inmates to those Unconstitutional Conditions.

Wherein this said Complaint a number Inmate Grievances were Filed on record of the County Prison System to those said Defendants and its Provider as to its Policies that caused said ILLEGAL CONDITIONS as to THREE-MAN CELL OVERCROWDED CONDITIONS and his Being Subjected to DELIBERATE INDIFFERENCE to Plaintiff.

STATE'S DUTY OBLIGATIONS:

However in this Context it must be REMEMBERED, that it is The STATES'S Obligation to maintain "**ORDER**" and to preserve The **SAFETY** and **WELFAIR** of all CITIZENS: See Commonwealth V. MIKULAN, 504 Pa. 244, 470 A.2d. 1339 (1983); Powell V. Commonwealth, 114 Pa. 265 A. 913 (1887) Affd. 127 U.S. 678, 8 S.C.t. 992, 32 L.ed. 253 (1888). Jackson V. Hendrick, 498 Pa. 270, 284, 446 A.2d. 226 (1982) (Nix J. dissenting).

UNDER COLOR OF STATE LAW:

See Corr. Servs. Corp. V. Malesko, 534 U.S. 61, 72 n. 5. 122 S.Ct. 515, 522 n. 5. 151 L.ed. 2d. 456, 467 n. 5. (2001) West V. Atkins, 487 U.S. 42, 54-57, 108 S.Ct. 2250-60, 101 L.ed. 2d. 40, 53-55 (1988) (holding that a Private Doctor, under Contract with a State to provide Medical services to Prisoners at A State Prison Hospital, On a Part-Time basis Acts, **Under Color Of State law**," within the meaning of § 1983). See Roshorough V. Mgmt & Training Corp. 350 F.3d. 459, 461 (5th. Cir.2003) BERG V. County of Allegheny, 219, F.3d. 261 (3d.Cir.2000) Monell V. N.Y. City Dept. of Social Servs, 436 U.S. 658, 695-701, S.Ct. 2018, 2038 41, 56 L.ed. 2d. 611 (1978).

SERIOUS MEDICAL NEED:

See ROUSE V. Plantier, 182 F.3d 192, 197 (3d.Cir.1999).

SMITH V. Carpenter, 316 F.3d. 178 (2d.Cir.2003)

EXPERTS FOR MEDICAL ISSUES:

MONTGOMERY V. Pinchak, 294 F.3d. 503-04 (3d.Cir.2002) Moore V. Mabus, 976 F.2d. 268, 272 (5th.Cir.1992)

CONFLICTING TESTIMONY:

The Plaintiff's account of acts done to him by Employees, Who are acting under Color of State law, He does not have full Of all Witnesses or Staff members, Agents, Employees, Officers, Doctors, PA-C's, Nurses, their account is squarely in conflict With the Plaintiff Calvin Camps's testimony and statement of FACTS as to those Unconstitutional Conditions Set Up by the POLICY MAKERS and its Agents, Employees, Officers, Officials, Servants, This aspect will be a Credility contest between the DEFENDANTS and the Plaintiff and Witnesses, PRE-TRIAL DETAINEES And those Convicted Prisoners housed inside the County Prison SYSTEM. STEELE V. Shah, 87 F.3d. 1266, 1271 (11th.Cir.1996) GATSON V. Coughlin, 679 F. Supp. at 273.

LEGAL COMPLEXITY:

The large number of defendants some of whom are supervisory OFFICILAS is, Herein it present a Complex legal Issues of DETERMINING, Which Defendants were sufficiently personally involv ed in Policies, that caused said Constitutional Violations to Be held liable for those SET UP Illegal Acts done to PRE-TRIAL DETAINEES and Convicted Prisoners, Herein this said Complaint They Set Up Policies that caused said Injury, Punishments, Harms, DENIALS, DELAYS, REFUSALS, HENDRICKS V. Coughlin, 114 F.3d. 390, 394, (2d.Cir.1997)

MERIT OF THE CASE:

The Plaintiff's allegations, If proved, would CLEARLY ESTALISH a number of Constitutional Violations as to the legal

MERIT OF THE CASE:

RIGHTS of PRE-TRIAL DETAINEES and CONVICTED PRISONERS or Inmates As to the Injurious, Denials, Delays, Refusals, Overcrowed conditions, Punishments, Herein the Plaintiff has Clearly Stated a 8th & 14th Amendment Violations. See HUDSON V. Mcmillian, 503 U.S. 1 112 S.Ct. 995 (1992). The allegations of Denial of ANTI-VIRAL DRUGS, Medical care amount to "Intentionally Intering With the Treatment, Once Prescribed, Which the SUPREME COURT, Has specifically, cited as a example of Unconstitutional " DELIBERATE INDIFFERENCE," to Prisoners' Medical needs. ESTELLE V. GAMBLE, 429 U.S. 97 105, 97 S.Ct. 285 (1976). See PONTE V. REAL, 47 U.S. 491, 497, 105 S.Ct. 2192 (1985). SUPERINTENDENT V. HILL, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985) WOLFF V. McDONNELL, 418 U.S. 539, 559, 94 S.Ct. 2963 (1974) ROUSE V. PLANTIER, 182 F.ed 192, 197 (3d.Cir.1999). WEST V. ATKINS, 487 U.S. 42 (1988) Cir. 3, 2004, U.S. App.[LX14737, 985 F.2d. 11 108 S.Ct. 2250, 101 L.ed2d. 40 (1988)

PROCEDURAL DUE PROCESS:

The severity of the conditions matters a lot. See MITCHELL V. HORN, 318 F.3d. 523 (3d.Cir.2003) PALMER V. RICHARDS, 364 F.3d. 60 (2nd.Cir.2004) GILLIS V. LITSCHER, 468 F.3d. 495 (7th.Cir.2006) The Fourteenth Amendment, DELIBERATE INDIFFERENCE was Shown In <u>Telfair V. Gilberg,</u> 868 F. Supp. 1330, See <u>RYAN V. BURLINGTON COUNTY,</u> 674 F.Supp. 464 (D.N.J.1987)

RE: CALVIN CAMPS, PRO.SE.MQ1920
PENNSYLVANIA DEPARTMENT OF CORRECTIONS
SCI-CHESTER
500 EAST 4TH STREET
CHESTER, PA 19013

U.S. POSTAGE » PITNEY BOWES
ZIP 19013 $ 000.68⁰
02 1W
0001386821 NOV 14 2018

U.S.M.C. X-RAY

ATT: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURTHOUSE
PHILADELPHIA PA 19106-9865

19108E1729-CC19