IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CALVIN CAMPS, | |
| --- | --- |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 14-01498 |
| MICHAEL NUTTER, *et al.*, | |
| *Defendants.* | |

**PAPPERT, J.**                                                                                    February 27, 2019

**MEMORANDUM**

On June 15, 2018, *pro se* Plaintiff Calvin Camps moved to join medical provider Corizon Healthcare, Inc. and its employees as defendants in his suit against the City of Philadelphia, former Philadelphia Prison System Commissioner Louis Giorla and Warden John Delaney. (ECF No. 65.) For the reasons below, the Court denies the Motion.

I

Camps filed his initial Complaint on March 12, 2014 against former Mayor Michael Nutter, Giorla and Delaney. (ECF No. 1.) In this "triple celling" case, Camps alleged that the conditions of his confinement violated the Due Process Clause of the Fourteenth Amendment and that defendants were deliberately indifferent to his constitutional rights in violation of 42 U.S.C. § 1983. The Complaint included detailed allegations about the poor and unsanitary conditions to which he was subjected while housed at CFCF as a pretrial detainee, *see* (Compl. ¶¶ 7–15), and some of the effects those conditions had on him, *see* (*id.* at ¶¶ 9, 10). Specifically, he alleged that he was

housed with two other inmates in a seven foot by ten foot cell that is only fit to hold two people.  (*Id*. at ¶¶ 7, 8, 12.)  He described other poor and unsanitary conditions at CFCF, including: showers "covered with black mold and in disrepair"; inadequate recreational space; poor ventilation and air quality; damaged mattresses and sheets; inadequate laundry access; and failure to train correctional officers to supervise the overcrowding.  (*Id*. at ¶¶ 11, 12.)

Defendants moved to dismiss Camps' Complaint.  Judge Shapiro granted Defendants' Motion on August 13, 2014, finding that Camps failed to adequately plead his injuries and the defendants' personal involvement in the constitutional violations.  (ECF No. 10.)  Camps filed an Amended Complaint on February 24, 2016, naming only Giorla, Delaney and the City as defendants.  (ECF No. 21.)  The Amended Complaint included detailed allegations regarding both the defendants' personal involvement and the injuries Camps suffered as a result of the alleged violations.  *See* (*id*. at ¶¶ 1–5).  Defendants moved to dismiss Camps' Amended Complaint.  The Court denied the Motion, finding that Camps' allegations stated a claim for which relief could be granted.  (ECF No. 42.)

Camps now wishes to amend his Complaint again to name Corizon as a defendant.  Camps alleges that while he was a pre-trial detainee, Corizon and its employees refused to provide him with medications for his serious medical needs, specifically an "ongoing liver condition." (Mot. Join at 1–2, ECF No. 65.)  Corizon opposes the Motion, arguing primarily that joinder would allow Camps to skirt the statute of limitations because these new claims are wholly distinct from the alleged conduct which, at least until now, has been the focus of the case.  Corizon is correct.

II

Camps moved to join Corizon more than four years after filing his initial Complaint. The statute of limitations in a § 1983 action is determined by state law, *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which in Pennsylvania is two years, *see Bougher v. University of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). Where the statute of limitations has expired, a plaintiff may only name a new party if the plaintiff demonstrates that the claims against the new party relate back to the original complaint. *See* Fed. R. Civ. P. 15(c); *Estate of Grier v. Univ. of Pa. Health Syst.*, No. Civ.A.07–4224, 2009 WL 1652168, at *2–3 (E.D.Pa. June 11, 2009).

Federal Rule of Civil Procedure 15(c)(1)(C) provides that the addition of a new party relates back when: (1) the claim against the newly named defendant arose "out of the conduct, transaction, or occurrence" set out in the original pleading; (2) the newly named party received notice of the action within the period set forth by Rule 4(m), such that he would not be prejudiced in defending on the merits and (3) the newly named party knew, or should have known, that but for a mistake concerning the proper party's identity, the action would have been brought against the newly named party in the initial pleading. Fed. R. Civ. P. 15(c)(1)(C). All three requirements must be satisfied. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001).

Camps purports to add Corizon as a defendant for failure to provide medical care while he was a pretrial detainee. (Mot. Join at 1.) Camps' lawsuit concerns, and has always concerned, prison overcrowding and the resulting conditions of his confinement. Camps has never mentioned Corizon or alleged that Corizon, or anyone else, denied him treatment. Accordingly, Camps' claim that Corizon failed to provide him adequate

3

medical care is a new claim, distinct from the conduct described in Camps' original

pleading.[1]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] Because the claims against Corizon do not arise out of the same conduct set out in the original pleading, the Court need not address Rule 15(c)(1)(C)'s remaining requirements.